IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cory Grier,<br><br>        Plaintiff,<br><br>v.<br><br>Kiswire, Inc., Kiswire America, Inc.,<br><br>        Defendants. | Civil Action No. 8:25-cv-4504-BHH<br><br>**<u>ORDER</u>** |

      This matter is before the Court upon Plaintiff Cory Grier's ("Plaintiff") pro se complaint against the above-named Defendants. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

      On May 28, 2025, the Magistrate Judge directed Plaintiff to provide the necessary information and paperwork to bring his case into proper form and warned Plaintiff of the potential consequences if he failed to provide the necessary information. (ECF No. 7.) Plaintiff failed to bring his case into proper form within the time permitted.

      On June 25, 2025, out of an abundance of caution, the Magistrate Judge issued a second proper form order providing Plaintiff additional time to bring his case into proper form. Plaintiff again failed to bring his case into proper form.

      Accordingly, on July 22, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action without prejudice and without issuance and service of process in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir.

1989), *cert. denied sub nom, Ballard v. Volunteers of America*, 493 U.S. 1084 (1990) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion). Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 12), and the Court dismisses this action without prejudice and**

**without issuance and service of process in accordance with Rule 41(b) of the Federal**

**Rules of Civil Procedure.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 25, 2025
Charleston, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is notified of the right to appeal this order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.